# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

WILLIAM MELVIN,

                **Plaintiff,**

-vs-                                      **Case No.  6:11-cv-586-Orl-31KRS**

FEDEX GROUND PACKAGE SYSTEM,
INC.,

                **Defendant.**

_____

# ORDER

      This case is before the Court on the Motion to Dismiss Counts III, IV, and V (Doc. 5) filed by Defendant Fedex Ground Package System, Inc.'s ("FXG"), the Response in Opposition (Doc. 11) filed by the Plaintiff, William Melvin ("Melvin"), and Defendant's Reply Memorandum in Support (Doc. 16).

## I. Background[1]

      William Melvin began working as a Service Manager for Fedex Ground Package System ("FXG") on November 6, 2006.  The position required him to occasionally ride along on package delivery routes so as to determine the route's standard duration and mileage. Melvin has a disability that requires him to take frequent and sporadic bathroom breaks, which would interfere with his ability to accompany drivers from start to finish on a route – the usual method of determining the standard duration and mileage.  Melvin discussed his

_____

[1] For purposes of this motion, this Court accepts as true all facts alleged in the complaint (Doc. 2). *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

disability and need for accommodation at his job interview and with different supervisors on three subsequent occasions.  They agreed to accommodate the disability by permitting him to start the ride-along at the first delivery stop, thus allowing him to use the bathroom just before that point, and by allowing him to reconstruct any portions of the route he missed by, among other things, driving them in his own car.  Despite this, Melvin was fired in February 2009 because of his disability and required accommodation.

Melvin brought suit in state court, alleging five causes of action: disability discrimination under the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.01, *et seq.* (Count I); breach of oral contract (Count II); tortious breach of implied covenant of good faith and fair dealing (Count III); fraudulent misrepresentation (Count IV); and negligent misrepresentation (Count V).  FXG seeks dismissal of Counts III, IV, and V.

## II.  Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to give the defendant fair notice of what the claim is and the grounds upon which it rests, *Conley v. Gibson*, 35 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  A Rule 12(b)(6) motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case.  *Milbum v. United States*, 734 F.2d 762, 765 (11th Cir.1984).  In ruling on a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff.  *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988).  The Court must also limit its consideration to the pleadings and any

exhibits attached thereto.  FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1966, and to indicate the presence of the required elements, *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir.2007).  Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal.  *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## III. Analysis

FXG argues that Counts III, IV, and V are barred by the economic loss rule, which prohibits tort claims for purely economic injuries resulting from a contractual breach. *Indemnity Ins. Co. Of North America v. American Aviation, Inc.*, 891 So.2d 532, 536-37 (Fla. 2004).  The economic loss rule does not apply when the tort claim is independent of the breach of contract claim.  *HTP, Ltd. v. Lineas Aereas Costarricenses, S.A.*, 685 So.2d 1238, 1239 (Fla. 1996).  Melvin argues that the claims asserted in Counts III, IV, and V are independent of the breach claim and therefore are not barred.

In Count II, Melvin claims that "FXG breached its oral contract with Mr. Melvin by failing and refusing to honor the promise to accommodate Mr. Melvin's disability and by firing him." (Doc 2 at ¶ 23.)  In Count III, Melvin simply claims that the breach asserted in Count II was "done unfairly and in bad faith, and tortiously violated the implied covenant of good faith and fair dealing that attaches to all contracts in Florida."  (Doc. 2 at ¶ 28). Obviously that count arises from the same conduct at issue in Count II.  Counts IV and V rely

-3-

on an alleged misrepresentation "that [Melvin] would remain employed with an accommodation for his disability as long as he continued to perform the job as he was doing." (Doc. 2 at ¶ 33.)  When the facts alleged are identical, merely focusing the allegation on the representation rather than the breach does not create an independent cause of action from the breach. *See Taylor v. Maness*, 941, So.2d 559, 564 (Fla. 3d DCA 2006) ("Simply labeling a "fraud in the performance" claim as "fraud in the inducement" is not sufficient to avoid the economic loss rule."); *see also Hotels of Key Largo, Inc. v. RHI Hotels, Inc.*, 694 So.2d 74, 78 (Fla. 3d DCA 1997) ("Misrepresentations relating to the breaching party's performance of a contract do not give rise to an independent cause of action in tort, because such misrepresentations are interwoven and indistinct from the heart of the contractual agreement.").  Counts III, IV, and V stem from the same conduct constituting the alleged breach of contract and are threfore barred by the economic loss rule.

FXG also argues that Melvin's claim for $2 million in liquidated damages in Count III is improper, that the cause of action asserted in Count III is not recognized by Florida law, and that the negligent misrepresentation claim asserted in Count V is barred by the impact rule.  However, as these claims are barred by the economic loss rule, these arguments are moot.

Finally, FXG seeks to recover the attorney's fees and costs it incurred in moving to dismiss.  However, FXG fails to cite a statute or make an argument supporting its entitlement to such relief.  This Court will therefore deny the request without prejudice.

**IV. Conclusion**

Based on the forgoing, it is **ORDERED** that:

Defendant's Motion to Dismiss Counts III, IV, and V (Doc. 5) is **GRANTED IN PART** and **DENIED IN PART**. Counts III, IV, and V are **DISMISSED WITH PREJUDICE**. In all other respects, the Motion is **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 23, 2011.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party